ORTEGA, P. J.
*152 Claimant's job as a paving machine operator caused him to lose some of his hearing, and he brought a workers' compensation claim. SAIF awarded him permanent partial disability, which included an award for "impairment" but not for "work disability." ORS 656.214. Claimant sought administrative review, arguing that he was also entitled to work disability because his attending physician did not release him to "regular work." ORS 656.214(2)(b). Claimant's physician concluded that he would have to wear hearing aids and hearing protection and, because claimant could not wear them simultaneously, his physician opined that he could not be released to regular work. An administrative law judge (ALJ) was not persuaded and concluded that claimant's inability to use hearing protection with hearing aids did not change the job he held at injury. ORS 656.212(1)(d). On review, the Workers' Compensation Board (board) upheld the ALJ's determinations and further concluded that claimant failed to establish that he was entitled to work disability.
Claimant seeks judicial review, asserting that the board erred in concluding that wearing hearing protection did not result in a change to his "regular work."[1] Specifically, claimant contends that his ability to communicate is part of his "regular work" and that, because wearing hearing aids and hearing protection affected that ability, he was entitled to work disability. We conclude that the board did not err and that the board's order is supported by substantial evidence. ORS 183.482(8)(c).
As relevant to claimant's case on judicial review, a worker receives an award for impairment and work disability for a work-related injury, "[i]f the worker has not been released to regular work by the attending physician *** or has not returned to regular work at the job held at the time of injury." ORS 656.214(2)(b). Regular work is "the job the worker held at injury." ORS 656.214(1)(d). A work disability is an "impairment modified by *** adaptability to perform a given job." ORS 656.214(1)(e).
*153 We summarize the facts consistently with the board's order and the record. Claimant was "diagnosed with work-related hearing loss" by Dr. Lindgren. Dr. Hodgson, who also examined claimant, indicated that claimant's *384 hearing loss was caused by his exposure to noise as a paving machine operator and opined that, considering claimant's impairment was "hearing loss only, he [was] capable of doing his regular work duties without any modification." Claimant's assigned attending physician, Dr. Proano, referred him to an audiologist to receive hearing aids, but concluded that there were "no work restrictions related to [his] claim" and released him to regular work. SAIF closed claimant's claim with a "20 percent loss of the whole person for hearing impairment" without an award of work disability. Claimant sought reconsideration.
Claimant, through his attorney, sought a second opinion from Lindgren, who indicated on a form prepared by claimant, that claimant would need to wear hearing protection and hearing aids, but could not wear both simultaneously. After reviewing Lindgren's report, Proano agreed and concluded that claimant could not be released to regular work. Lindgren further opined that claimant's "need for hearing aids made him a hazard to himself and others in the workplace." A medical arbiter performed a medical exam, and the appellate reviewer increased claimant's impairment award to 25 percent. The reviewer noted that claimant "indicated that he did not wear hearing protection at his employer at injury for safety reasons as he was required to communicate with fellow employees on the job," but concluded that claimant's inability to wear hearing protection with his hearing aids "would not limit his return to regular work."
The ALJ agreed with SAIF's denial of work disability, explaining that she was not persuaded that claimant had established an entitlement to work disability under ORS 656.266(1). The ALJ further stated that it was "not clear that the inability to use hearing protection [with his hearing aids] result[ed] in a change in claimant's job at injury or his ability to perform [it]." Claimant asserted that the ALJ erred, but on review, the board upheld the denial.
*154 On judicial review, claimant concedes that he did not wear hearing protection before the injury, even though his employer gave him that option. He nevertheless appears to argue that because the board failed to consider his ability to communicate with his coworkers as part of his "regular work," its assessment of whether he is entitled to work disability is incorrect. Claimant contends that both Lindgren and Proano concluded that he needs hearing aids to hear his coworkers so that he is not a hazard and that he also needs to wear hearing protection to prevent further hearing loss from noise exposure, which also affects his ability to hear. Furthermore, he asserts that, because Proano did not release him to work for that reason, and wearing aids and hearing protection restricted his ability to do his at-injury work, the board erred in denying him work disability.[2]
SAIF responds that, given the facts established in the record, there was substantial evidence supporting the board's denial of work disability. SAIF asserts that the only issue to decide on judicial review is whether or not wearing hearing protection was a job function of claimant's at-injury job. To that point, SAIF argues that Proano originally released claimant to work without restrictions, and only changed his opinion on the assumption that claimant had to wear hearing protection before he was injured. Because claimant failed to establish that fact, SAIF argues that the board had a basis for finding that Proano's opinion was not persuasive. Furthermore, SAIF asserts that Lindgren's is not relevant to claimant's work disability claim because he was not claimant's attending physician. For those reasons, SAIF asserts that there was substantial evidence in the record supporting the board's denial of work disability. Under the circumstances, we agree with SAIF.
*385 We first address what constitutes "regular work" under these circumstances; claimant is asserting that regular work includes claimant's ability to communicate, *155 whereas SAIF is arguing that regular work necessarily depends on if claimant had to wear hearing protection at his at-injury job. In Thrifty Payless, Inc. v. Cole , 247 Or App 232, 237, 269 P.3d 76 (2011), we defined regular work under ORS 656.214(1)(e) to "consist[ ] of the paid labor, task, duty, role, or function that the worker performs for an employer on a recurring or customary basis." We further explained that "their meanings are [not] limited to what is expressly required by the employer, such as what is contained in the worker's job description." Id.
Here, nothing in the record establishes to what degree communication is part of claimant's "regular work" or whether and how the inability to communicate creates a hazard.[3] Rather, the question before the board concerned whether claimant could be released to perform his duties as a paver without both hearing protection and hearing aids, given that he could not wear both. In other words, was wearing both hearing protection and hearing aids necessary for claimant to perform his "regular work," under circumstances where he had performed that work previously without either?
To that point, we conclude that there was substantial evidence supporting the board's decision that claimant could be released to regular work. Here, claimant's attending physician, Proano, released him to regular work with "no restrictions" and only changed his opinion based on the opinion of a nonattending physician, Lindgren, that claimant could not return to work because he could not wear both hearing aids and hearing protection. However, even leaving aside that the medical opinion of nonattending physicians is not binding on the board, see ORS 656.214(2)(b), Lindgren's opinion did not rely on medical or other evidence that wearing both hearing protection and hearing aids was necessary to the performance of claimant's "regular work." Therefore, substantial evidence supports the board's denial of work disability benefits to claimant. Accordingly, we affirm.
Affirmed.

On review, claimant raised a second assignment of error, but concedes that that issue was resolved in Brown v. SAIF , 361 Or 241, 391 P.3d 773 (2017). We accept claimant's concession.

Claimant makes an adaptability argument on judicial review. However, because we conclude that the board did not err in concluding that claimant was not eligible for work disability, we do not address that argument. See OAR 436-035-0012(1), (7) (the board will only consider the adaptability factor-i.e. , "an evaluation of the extent to which the compensable injury has permanently restricted the worker's ability to perform work activities"-in calculating a worker's benefits, if "a worker is eligible for an award for work disability").

We acknowledge that Oregon law which adopts the federal Occupational Safety and Health Act regulations requires that employers provide protection against noise exposure under OAR 437-002-0080(2).